**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **TEXAS AUTO SAVE, LLC** | § | **Case No. 26-51089-alt** |
| | § | |
| **SYNERGY CAPITAL AUTO** | § | **Case No. 26-51088-alt** |
| **LENDING, LLC** | § | |
| | § | **Joint Administration Requested** |

<u>**DEBTORS' MOTION FOR JOINT ADMINISTRATION**</u>

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAS REQUESTED THAT A "FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE.  IF THE COURT IN FACT SETS THIS MOTION FOR AN EXPEDITED "FIRST DAY" HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Texas Auto Save, LLC, and Synergy Capital Auto, LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this motion (the "Motion"), for an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting joint administration of their Chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

### I.    PROCEDURAL BACKGROUND

1.    On April 25, 2026, Texas Auto Save, LLC ("TAS"), and Synergy Capital Auto, LLC ("Synergy"), filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Code").  The Debtors continue to manage and operate their financial affairs as debtors-in-possession pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  No creditors' committee has yet been appointed in this case by the United States Trustee.  No trustee or examiner has been requested or appointed.

## II.  JURISDICTION AND VENUE

2.  This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 1015(b).

## III.  DEBTORS' HISTORY

3.  Debtors' history is outlined in the statement of Alex Sinno filed under Documents 3 and 3 in the TAS and Synergy Bankruptcies respectively.

## IV.  FACTS RELEVANT TO THIS MOTION

4.  The TAS and Synergy ownership are the same (making them affiliates) and the Debtor share the vast majority of their debts.  For these  reasons, jointly administering the Debtors' bankruptcy cases is allowed under the Bankruptcy Code and is in the best interest of their respective estates.

## V.  RELIEF REQUESTED

5.  Pursuant to Bankruptcy Rule 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

   a.  One docket shall be maintained for the Debtors' cases under the case number assigned to Texas Auto Save, LLC, Case No. 26-51089

   b.  The caption of the cases shall be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **TEXAS AUTO SAVE, LLC** | § | **Case No. 26-**51089 |
| | § | |
| **SYNERGY CAPITAL AUTO** | § | **Case No. 26-**51088 |
| **LENDING, LLC** | § | |
| | § | **Jointly Administered Under** |
| | § | **Case No. 26-**51089-alt |

c.      A notation substantially similar to the following notation shall be entered on the docket for Synergy Capital Auto Lending, LLC to reflect that the case shall be jointly administered under the Texas Auto Save, LLC chapter 11 case:

> "An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of Texas Auto Save, LLC, Case No. [26-51089].  The docket for Texas Auto Save, LLC should be consulted for all matters affecting this case."

d.      The Office of the U.S. Trustee shall conduct joint informal meetings with the Debtors, as required, and a joint first meeting of creditors, if required;

e.      One plan may be filed for both of these cases and the joint plan shall be filed of record in each case; however, substantive consolidation is not being requested at this time;

f.      The Debtors shall file separate Schedules of Assets and Liabilities and Statements of Financial Affairs in each case;

g.      Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

h.      A separate claims register shall be maintained for each Debtor;

i.      Debtors shall file separate monthly operating reports in each case as required by the United States Trustee with all reports filed also in the 26-51089case;

j.      Texas Auto Save, LLC, and Synergy Capital Auto, LLC shall operate out of separate debtor and possession accounts.

## VI.      BASIS FOR RELIEF REQUESTED

6.      Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of affiliated debtors.  The Debtor's have the same owners and ownership structure.  Therefore, the Debtors are "affiliates" as such term is defined in § 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested in this Motion.

7.      The Debtors anticipate that, during the course of these cases, it will be necessary to file numerous motions and applications, as well as other pleadings and documents, seeking relief on behalf of all Debtors. The Debtors respectfully submit that joint administration of their chapter 11 cases is in the best interests of their estates, creditors, and other parties-in-interest; and will further the interests of judicial economy and administrative expediency by, among other things, obviating the need to: (i) file duplicate motions; (ii) enter duplicate orders; and (iii) forward unnecessary, duplicate notices and other documents to creditors and other parties-in-interest, which actions would cause the Debtors' estates to incur unnecessary costs and expenses.

## NOTICE

8.      Notice of this Motion has been or will be provided to (a) the Office of the United States Trustee for the Western District of Texas; (b) all known or alleged secured creditors; (c) the 20 largest unsecured non-insider creditors of the Debtors (on a consolidated basis); (d) all

4

known shareholders holding over 5% of a class of equity interests the corporate debtors; (e) all Debtor professionals; (f) all members of any official committee of unsecured creditors that may be appointed; (g) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed; (h) the United States Attorney's Office for the Western District of Texas; (i) the Internal Revenue Service; (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002; and (k) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtors submit that no further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form filed herewith, granting the relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

Dated: April 27, 2026

Respectfully submitted,

*/s/ Ronald J. Smeberg*
THE SMEBERG LAW FIRM, PLLC
Ronald J. Smeberg
State Bar No. 24033967
4 Imperial Oaks
San Antonio, Texas 78248
210-695-6684 (Tel)
210-598-7357 (Fax)
PROPOSED ATTORNEY FOR DEBTORS